**Pierre L. SAYLES, Petitioner—Appellant,**

**v.**

**Craig FARWELL; Frankie Sue Del Papa, Respondents—Appellees.**

**No. 04–17535.**

United States Court of Appeals, Ninth Circuit.

Submitted April 5, 2006.[*]

Decided May 3, 2006.

Lori C. Teicher, Esq., FPDNV—Federal Public Defender's Office, Las Vegas, NV, for Petitioner–Appellant.

Pierre L. Sayles, Lovelock, NV, pro se.

David K. Neidert, Esq., AGNV—Office of the Nevada Attorney General, Carson City, NV, for Respondents–Appellees.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: THOMPSON, BERZON, and CALLAHAN, Circuit Judges.

### MEMORANDUM [**]

Pierre L. Sayles appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his conviction for battery with intent to commit sexual assault and three counts of sexual assault. Sayles contends that he received ineffective assistance of counsel because his trial counsel twice failed to object during closing argument when the prosecutor mischaracterized his blood type as A positive.

To prevail on a claim of ineffective assistance of counsel, Sayles must establish that (1) his trial counsel's performance was deficient; and (2) he was prejudiced by his counsel's deficient performance. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Sayles can prove prejudice only by showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. 2052.

The jury heard the following evidence at trial. The victim repeatedly identified Sayles as the rapist. A neighbor saw Sayles hurriedly exit the victim's apartment minutes before the visibly battered victim asked the neighbor for help. Analysis of the rape kit indicated that the assailant had type A blood, and was also a "secretor" (i.e., his blood type is identifiable from his semen). Approximately one person in three has these combined char-

acte\*ristics; Sayles is one of them. An expert also analyzed the assailant's DNA using the best-available method given the limited semen sample included in the rape kit. Under this test, roughly one African American in 8,700 would match the assailant's DNA; Sayles is one of them.

The jury heard no evidence on the "Rh factor" as to whether the Type A blood of Sayles and the assailant was "positive" or "negative." Nonetheless, when emphasizing during closing argument that Sayles and the assailant had matching blood types, the prosecutor twice referred to Sayles's blood type as A positive rather than simply A. It is extremely unlikely that the jury either noticed or attached any significance to this technical slip-up. Moreover, it has no bearing on the much more persuasive DNA evidence, or the eyewitness testimony.

We consequently agree with the Nevada Supreme Court that, even making the questionable assumption that defense counsel's failure to object to the blood-type misstatements constituted deficient performance, Sayles did not make the required showing of prejudice under *Strickland.*

**AFFIRMED.**

---

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.